IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER AUGUSTO QUINTEROS, | No. 2:23-CV-01999-KJM-DMC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| THERESA CISNEROS, | |
| Defendant. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. §2254. Pending before the Court is Respondent's motion to dismiss this action as untimely. See ECF No. 9. Respondent has lodged relevant state court records in support of her motion. See ECF No. 11. Petitioner has not filed an opposition.

## I. BACKGROUND

Petitioner was convicted in Superior Court of California, County of Stanislaus, of oral copulation, sodomy, and continuous sexual abuse of a child under the age of fourteen. See ECF No. 11-1. On October 24, 2014, Petitioner was sentenced to a prison term of fifteen years to life on two counts of continuous sexual abuse of a child; six years consecutive for sodomy of a child under fourteen; and two years consecutive for oral copulation of a child under fourteen. See Id. The aggregate term was 38 years to life. See id. Petitioner appealed his conviction. See

1  ECF No. 11-2.  The California Court of Appeal, Fifth Appellate District, reversed the sentence
2  and remanded for resentencing because the trial court mistakenly believed it had no discretion to
3  impose concurrent sentences.  See id.
4        On June 21, 2017, the Superior Court of California County of Stanislaus
5  resentenced Petitioner to a state prison term of twenty-eight years.  See ECF No. 11-3.  On May
6  30, 2019, the California Court of Appeal, Fifth Appellate District, vacated the sentence and
7  remanded the case to the Superior Court of California for the County of Stanislaus with directions
8  to obtain a supplemental probation report and resentence Petitioner.  See ECF No. 11-4.  The
9  judgment was affirmed in all other respects.  Id.  On August 12, 2019, Petitioner was resentenced
10 to a state prison term of twenty-eight years.  See ECF No. 11-5.  Petitioner appealed the
11 judgment.  See ECF No. 11-6.  On February 18, 2021, the California Court of Appeal, Fifth
12 Appellate District, advised Petitioner of his right to file a supplemental brief.  See ECF No. 11-6
13 at 2.  Petitioner did not respond.  Id.  The California Court of Appeal affirmed the judgment after
14 finding no arguable error.  Id.
15       Petitioner did not seek review in the California Supreme Court.  Instead, Petitioner
16 filed three pro-se state post-conviction collateral actions, all of which were petitions for writs of
17 habeas corpus, as follows:

|                | |
|---|---|
| First Petition | Stanislaus County Superior Court.<br>Filed April 11, 2022.<br>Denied on July 15, 2022. |
| Second Petition | California Court of Appeal.<br>Filed on September 22, 2022.<br>Denied on December 28, 2022. |
| Third Petition | California Supreme Court.<br>Filed on March 8, 2023.<br>Denied on May 31, 2023. |

24     The instant federal habeas petition was filed on September 15, 2023.
25 ///
26 ///
27 ///
28 ///

2

## II. DISCUSSION

Respondent argues that this action must be dismissed because it was not timely filed within the one-year limitations period applicable under the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996.  See ECF No. 9.

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision.  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions

and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

Here, Petitioner did not seek review in the California Supreme Court after the California Court of Appeal affirmed the judgment on February 18, 2021. Thus, the one-year limitations period commenced on March 31, 2021 – the day after the forty-day period when a conviction becomes final following the Court of Appeal's decision, and the limitations period begins running. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). Absent tolling, Petitioner's federal habeas petition was due in March 2022.

As respondent correctly notes, Petitioner did not file any state post-conviction actions challenging the pertinent judgment within the one-year limitation period, which ended in March 2022. Petitioner filed his first petition on April 11, 2022 – after expiration of the entire one-year period following conclusion of direct review. Thus, Petitioner is not entitled to tolling

for any of the three state court post-conviction actions.  See Nino, 1983 F.3d at 1006-07.

Because the limitations period ended in March 2022, and because Petitioner did not file this action until September 2023, the action is untimely and must be dismissed.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's unopposed motion to dismiss, ECF No. 9, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 363(b)(1).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 14, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE